

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KULJIT SINGH,

　　　　　　　　　　　　Petitioner,

　　v.

WARDEN OF IMPERIAL REGIONAL
DETENTION FACILITY,

　　　　　　　　　　　　Respondent.

Case No. 26-cv-01394-BAS-DDL

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS
(ECF No. 1)**

Petitioner Kuljit Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he has been arbitrarily or unreasonably prolonged in custody and should have been granted bond pursuant to 8 U.S.C. § 1226.  (ECF No. 1.)  The Government filed a notice of non-opposition to Petitioner's request for a bond hearing. (ECF No. 4.)  Thus, the Court **GRANTS** the Petition and orders that Petitioner be granted a bond hearing as indicated below.

- 1 -

26cv1394

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   ANALYSIS

Petitioner entered the United States on October 28, 2025, seeking asylum.  (ECF No. 1 ¶¶ 18, 24.)  He was released on his own recognizance.  (*Id.*)  He appeared at immigration hearings as scheduled and has no criminal history.  (*Id.* ¶¶ 25, 27.)  Nonetheless, at one of his immigration check-ins, on December 15, 2025, Immigration and Customs Enforcement ("ICE") re-arrested him.  (*Id.* ¶ 26.)

Petitioner argues that his detention has been unreasonably and arbitrarily prolonged and that he was denied a bond hearing pursuant to 8 U.S.C. § 1225 when he should have been granted a discretionary bond hearing under 8 U.S.C. § 1226.  Although it is not clear to the Court from the face of the Petition that either of these grounds is factually supported, in light of the Government's notice of non-opposition, the Court **GRANTS** the Petition.

## III.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Kuljit Singh (A# 245-278-699) be granted a bond hearing before an Immigration Judge within 14 days of today's date.  The Government has the burden of proof at that hearing to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk such that no amount of bond or monitoring can protect the public or ensure his appearance at future proceedings.

//

26cv1394

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1394